IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FELICIA MARIE COTTON,<br><br>    **Plaintiff,**<br><br>vs.<br><br>C.R. ENGLAND, INC.,<br><br>    **Defendant.** | **ORDER**<br><br>**Case No. 2:24-cv-00222-DAK-CMR**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Cecilia M. Romero** |

This matter is before the court on Plaintiff Felicia Cotton's Motion to Amend Scheduling Order and Leave to File Amended Complaint [ECF 25]. The motion is fully briefed. The court does not believe that a hearing would significantly aid the court in its determination of this motion. Having fully considered the motion, memoranda, and the facts and law relevant to this motion, the court enters the following Order.

## Background

In March of 2024, Plaintiff brought the present action against Defendant alleging gender and disability discrimination under Title VII and the Equal Pay Act (EPA), as well as a retaliation claim under Title VII based on disability. On January 17, 2025, Plaintiff filed an amended complaint. The deadline for filing amended pleadings in this case was January 24, 2025.

On August 4, 2025, Defendant delivered to Plaintiff a significant amount of discovery. Plaintiff states that she was unable to make a complete review of the documents until late October or early November of 2025. In the discovery production were notes between Plaintiff

and Defendant's human resource vice president, Jessica Hale. The notes revealed that on two separate occasions Plaintiff complained about the pay disparity between herself and her male predecessor. Plaintiff had no recollection of these complaints and claims still to not recall making them. On January 27, 2026, Plaintiff filed the instant motion requesting leave to amend the scheduling order and to amend her Complaint for a second time based on the new information she received regarding her complaints made to Ms. Hale. Specifically, she requests leave to amend her Complaint to include retaliatory claims based on gender under the EPA and Title VII.

### Discussion

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris Industries, Inc.,* 812 F.3d 1238, 1247 (10th Cir. 2015) (citations omitted).[1] The good cause standard of Rule 16 requires a demonstration that the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citations omitted).  The "good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* If the "movant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether the movant has satisfied the requirements of Rule 15(a)." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 990 (10th Cir. 2019).

---

[1] Defendant also argues that Plaintiff must demonstrate excusable neglect under Rule 6(b)(1)(B) because the request to amend has come after the deadline expired. Rule 6(b)(1)(B) permits a court to extend a deadline after the time has expired, where the party failed to act because of excusable neglect. Here, Plaintiff seeks modification of a scheduling order deadline under Rule 16(b)(4) because later produced discovery disclosed a factual basis for additional claims. Accordingly, the standards under Rule 6(b)(1)(B) are inapplicable here.

Defendant argues that good cause does not exist because Plaintiff knew the information but simply failed to include it in her complaint due to a lack of diligence. However, Plaintiff learned new facts through discovery that gave rise to the additional causes of action. Even now Plaintiff contends she does not remember the events. Plaintiff could not comply with the scheduling order because these facts were not in her possession when the deadline to amend the pleadings had passed. Therefore, Plaintiff has demonstrated good cause to amend the order.

Plaintiff must also satisfy the requirements of Rule 15 in order to receive leave to amend. Rule 15 states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Courts have held that refusing leave to amend is rare and generally only justified upon a "showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Courts have found undue delay "where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Id.* at 1366.

Defendant argues that Plaintiff unduly delayed in requesting amendment. The court disagrees. Plaintiff contends she has no recollection of reporting her concerns of pay disparity to Ms. Hale. Even after she discovered Ms. Hale's notes made contemporaneously to her complaints, she does not remember making them. Consequently, she only became aware of the possibility of a retaliatory cause of action based on gender discrimination when she reviewed the notes. Once Plaintiff became aware of the facts at issue, she sought leave to amend her Complaint shortly afterward. While there is some question as to when Plaintiff reviewed Ms. Hale's notes, the request to amend was not unduly delayed considering the direction to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

Defendant also argues that amendment would be futile because Plaintiff did not exhaust her administrative remedies under Title VII. "A proposed amendment is futile is the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.,* 521 F.3d 1278, 1288 (10th Cir. 2008).  Title VII requires a plaintiff to exhaust administrative remedies by filing a charge with the Equal Employment Opportunity Commission before bringing suit. *See Lincoln v. BNSF Railway Company*, 900 F.3d 1166, 1182 (10th Cir. 2018). "[T]he charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim."  *Jones v. United Parcel Service, Inc.* 502 F.3d 1176, 1186 (10th Cir. 2007). "Each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter,* 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).  "Each incident of discrimination and each retaliatory adverse employment decision constitute a separate actionable 'unlawful employment practice.'" *Id.*

Here, Plaintiff seeks to add a new cause to action under Title VII. While Plaintiff has alleged gender and disability discrimination as well as retaliation based on disability, retaliation based on gender constitutes a discrete action that requires exhaustion of administrative remedies. Because Plaintiff has failed to exhaust her remedies, amendment of her complaint to include claims related to retaliation due to gender under Title VII would be futile.

Therefore, the court **GRANTS** Plaintiff's Motion to Amend Scheduling Order and Leave to File Amended Complaint. Plaintiff shall file the Second Amended Complaint that was attached as an exhibit to her motion, minus the retaliation claims under Title VII, within ten days of the date of this Order.

DATED this 16th day of March 2026.

_____
DALE A. KIMBALL
United States District Judge